IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **DENNIS NORMAN, on behalf of**<br>**a class of similarly situated individuals** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **RALEIGH HEART CLINIC, INC.; THAIR** | ) | **Civil Action No.** __5:17-cv-04048__ |
| **BARGOUTHI, MD; JOHN DOES 1** | ) | |
| **THROUGH 10; DOE GENERAL HOSPITAL;** | ) | **Judge:**_____ |
| **a CARDINAL HEALTH 414, LLC;** | ) | |
| **CARDINAL HEALTH 100, INC.; and** | ) | |
| **CARDINAL HEALTH** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453,

Defendants Cardinal Health 414, LLC; Cardinal Health 100, Inc.; and Cardinal Health, Inc.

(together, the "Cardinal Health Defendants") hereby remove the above-captioned action from the

Circuit Court of Raleigh County, West Virginia, to the United States District Court for the

Southern District of West Virginia, fully reserving any and all of their rights, defenses, and

objections.[1]  Removal jurisdiction exists here pursuant to 28 U.S.C. § 1441 and the federal

diversity statute as amended by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Attached as Exhibit A to this Notice is a copy of all court filings served on the Cardinal Health

---

[1] Cardinal Health 100, Inc. and Cardinal Health, Inc. are not proper parties to this suit
because they lack the required minimum contacts with the state necessary to confer personal
jurisdiction upon this Court. Cardinal Health 100, Inc. and Cardinal Health, Inc. join in and
consent to removal while reserving their rights and defenses.

Defendants in this action.  As grounds for removal, the Cardinal Health Defendants submit as follows:

## I.    STATE COURT PROCEEDINGS

1.      On March 24, 2016, a civil action was filed in the Circuit Court of Raleigh County, West Virginia, captioned *Pamela Vines v. Raleigh Heart Clinic, Inc., et al.,* Case No. 16-C-166-K (the "State Court Action").[2]  The operative complaint in this action is the Third Amended Complaint filed August 25, 2017 (the "Third Amended Complaint").

2.      In addition to Raleigh Heart Clinic, Inc. and Dr. Thair Barghouthi,[3] the defendants named in the original complaint, the Third Amended Complaint joins as new defendants the three Cardinal Health Defendants.  The Third Amended Complaint was the first pleading in the action to name the Cardinal Health Defendants; it is also the first and only submission from the State Court Action with which the Cardinal Health Defendants have been served.

3.      This case stems from cardiac stress tests using Cardiolite performed between March 1, 2012 and March 27, 2015.  Dr. Thair Barghouthi performed these tests at the Raleigh Heart Clinic in Beckley, West Virginia.  In the course of these procedures, Plaintiff alleges, Dr. Barghouthi and the Raleigh Heart Clinic, or their agents, used single vials of Cardiolite to inject multiple patients, resulting in many patients contracting Hepatitis B, Hepatitis C, and/or HIVviruses.  Third Am. Comp. ¶ 48.

---

[2]      The First Amended Complaint, filed  March 25, 2016, joined named Plaintiff Dennis Norman and his proposed sub-class to the State Court Action.  Plaintiff Pamela Vines and her putative class action claims were voluntarily dismissed on July 20, 2016.  Mr. Norman's class remained, leaving the case captioned "*Dennis Norman v. Raleigh Heart Clinic, et al.*," Case No. 16-C-166-K (the "State Court Action").

[3]      Dr. Barghouthi's name is misspelled in the caption as "Thair Bargouthi."

4.     The Third Amended Complaint asserts new claims against the Cardinal Health
Defendants for (1) negligence / gross negligence / reckless indifference / wanton disregard in
design, manufacture and distribution; (2) strict product liability; and (3) failure to warn ("New
Claims").  No earlier iteration of the Third Amended Complaint had asserted any claims against
the Cardinal Health Defendants.

5.     The New Claims all arise out of the Cardinal Health Defendants' alleged
packaging, marketing, and distribution of the Cardiolite doses that were supplied to Raleigh
Heart Clinic and Dr. Barghouthi between March 1, 2012 and March 27, 2015.  Plaintiff alleges
that the Cardinal Health Defendants failed to exercise reasonable care when they supplied "40mc
vials" [*sic*] of Cardiolite to the Raleigh Heart Clinic because doing so "was likely to encourage
or facilitate mutlti-dosing [*sic*] (use of one vial on multiple patients) . . . ."  Third Am. Compl.
¶ 44.  Plaintiff further alleges that the Cardinal Health Defendants are "strictly liable" for the
production and distribution of Cardiolite because "[m]ultiple use of Cardiolite by cardiology
centers on more than one patient was a foreseeable misuse of Cardiolate vials," and the Cardinal
Health Defendants thus had a duty to warn patients of this misuse.  *Id.* ¶¶ 55-63, 67, 69.  Based
on these allegations, the Third Amended Complaint seeks (1) economic and compensatory
damages; (2) restitution; (3) actual damages sustained; (4) punitive damages; (5) attorneys' cost
and fees; and (6) other relief the Court deems just and proper.  Third Am. Compl. ¶ 69.

6.     The Third Amended Complaint further seeks to certify a class consisting of:

> All individuals who had cardiac stress tests performed at Raleigh Heart Clinic in Beckley,
> West Virginia, between March 1, 2012, and March 27, 2015, and subsequently tested
> positive for Hepatitis B, Hepatitis C, and/or HIV. [4]

---

[4]     No plaintiff class has yet been certified in the State Court Action as to the newly asserted
claims against the Cardinal Health Defendants, Counts II through IV of the Third Amended
Complaint.  On November 22, 2016, the Circuit Court of Raleigh County, West Virginia,
certified a plaintiff class on the originally pled negligence claims against Defendants Raleigh

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that this Notice of Removal is being filed within thirty (30) days after the first receipt by the Cardinal Health Defendants, through service, of the Third Amended Complaint.  Cardinal Health 414, LLC was served on September 5, 2017.  Cardinal Health 100, Inc. and Cardinal Health, Inc. were served on August 28, 2017.

8.    The Cardinal Health Defendants have filed this Notice before their responses to the Third Amended Complaint were due in the State Court Action.

9.    Pursuant to Local Rule of Procedure 3.4(b) and 28 U.S.C. § 1446(a), a copy of the state court docket sheet and a copy of all process, pleadings, and orders served upon the removing Cardinal Health Defendants, including the Third Amended Complaint, is attached hereto as Exhibit B.

10.    Pursuant to Local Rule of Procedure 3.4(a), a civil docket cover sheet has been submitted along with this Notice.

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(b)(1)-(2), and 1441(a) because Plaintiff filed the Third Amended Complaint in the Circuit Court of Raleigh County, West Virginia.  This Circuit Court is located within the district of the United States

_____

(…continued)

Heart Clinic, Inc.; Thair Barghouthi, MD; Nahla Barghouthi (who was voluntarily dismissed on March 8, 2017); John Does 1 through 10; and Doe General Hospital.  The Court based its analysis on the then-operative First Amended Complaint, which did not name the Cardinal Health Defendants.  The claims against Cardinal Health in the Third Amended Complaint, Counts II, III and IV, are different from Count I which does not make allegations against Cardinal Health and upon which the original class was certified.  Thus, the class certification was made on different claims than are now included in the Third Amended Complaint against the Cardinal Health Defendants.

District Court for the Southern District of West Virginia.  Therefore, this District represents the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.     The removing Cardinal Health Defendants will promptly file a copy of this Notice with the clerk of the Circuit Court of Raleigh County and serve notice of the filing of this Notice on the parties to the State Court Action, as required by 28 U.S.C. § 1446(d).

13.     The Cardinal Health Defendants each join in this Notice and consent to removal. Consent of all defendants is not required.  28 U.S.C. § 1453(b).

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION OVER THE MATTER PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1453

14.     Removal of the State Court Action is proper under CAFA, and in particular 28 U.S.C. §§ 1332(d) and 1453, because (1) this Action is a proposed "class action" consisting of 100 or more putative class members, (2) the named Plaintiff and certain other putative class members are citizens of a state different from the Cardinal Health Defendants, and (3) the amount in controversy exceeds $5,000,000 (exclusive of interest and costs).  28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552 (2014).

### A.    The Putative Class Comprises at Least 100 Class Members

15.     CAFA's numerosity requirement is satisfied here because the proposed class includes well more than 100 prospective members.  In his motion for class certification, filed before the Cardinal Health Defendants were joined, the named Plaintiff represented to the Circuit Court that "[t]hee [sic] proposed class in this case potentially consists of at least 2,300 people," and that his "[c]ounsel . . . ha[d] met or spoken with approximately 65 positive patients, but upon information and belief, there [were] at least 50 more patients who fall within the class."  Mem. in Supp. of Pl.'s Mot. for Class Certification, July 19, 2016, at 6–7.  The Plaintiff has thus

represented that the proposed class comprises at least 115 and as many as 2,300 potential members.

16.      The Circuit Court of Raleigh County, West Virginia, has also found that the proposed class comprises at least 136 individuals:

> Defendants have been served with pre-suit Notices of Claim by 136 patients. There will likely be more…it would be highly impractical to join in the instant action all persons who have filed, or who will file, Notices of Claims and lawsuits related to the subject matter of Plaintiff's cause.

Order Granting Pl.'s Mot. for Class Certification, Nov. 22, 2016, at 4.[5]

**B.      Plaintiffs Are Diverse from the Newly Joined Cardinal Health Defendants.**

17.      Minimal diversity exists under 28 U.S.C. § 1332 between Plaintiffs and the Cardinal Health Defendants. For CAFA jurisdiction to apply, at least one "member of a class of plaintiffs [must be] a citizen of a State different from [at least one] defendant." 28 U.S.C. § 1332(d)(2)(A). "For purposes of [CAFA], an unincorporated association," such as a limited liability company, "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10). The citizenship criteria are the same for corporations. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

18.      Under these criteria, no Cardinal Health Defendant is a citizen of the same state as the named Plaintiff, Mr. Norman. Upon information and belief, Mr. Norman and certain other members of the putative class are citizens of West Virginia and are domiciled in the State. As alleged in the Amended Complaint, Mr. Norman "is and was at all times relevant [to the State

Court Action] a resident of Raleigh County, West Virginia," and seeks to represent a class of "[a]ll individuals who had cardiac stress tests performed at Raleigh Heart Clinic in Beckley, West Virginia" in the relevant time period and subsequently tested positive for Hepatitis B, Hepatitis C, or HIV. Third Am. Compl. ¶¶ 5, 27–28. Plaintiff further alleged that "potential class members… are located in different areas of the state [West Virginia] and surrounding states." Mem. in Supp. of Pl.'s Mot. for Class Certification, July 19, 2016, at 6–7.

19.    By contrast, at the time the Third Amended Complaint was filed and up to the filing of this Notice of Removal, the Cardinal Health Defendants were and still are citizens of States other than West Virginia. Each Cardinal Health Defendant is a business entity organized under the laws of a State different from West Virginia. Cardinal Health 414, LLC is a limited liability company organized under the laws of Delaware with its principal office in Dublin, Ohio. Cardinal Health 100, Inc. is incorporated under the laws of Indiana with its principal office in Dublin, Ohio. Cardinal Health Inc. is incorporated under the laws of Ohio with its headquarters in Dublin, Ohio.

20.    Each Cardinal Health Defendant's principal place of business is likewise in a State different than West Virginia. In *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), the United States Supreme Court held that the term "principal place of business," for purposes of federal diversity jurisdiction, refers to the corporation's "nerve center" – that is, "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S.Ct. at 1186. The Court noted that, "in practice[,]" this nerve center will "normally be the place where the corporation maintains its headquarters." *Id.* at 1192.

_____

(…continued)

5    The Circuit Court entered the class certification order before Plaintiff amended his complaint to assert new claims against the new Cardinal Health Defendants.

21.     Under the *Hertz* analysis, all Cardinal Health Defendants are citizens of Ohio. Substantially all of the companies' management and business functions are operated through the Dublin, Ohio headquarters and principal offices. The key policies and procedures are established and administered from the same "nerve center[s]." By contrast, neither Cardinal Health, Inc. nor Cardinal Health 100, Inc. maintains a headquarters or principal office in West Virginia, nor do their officers work in that state. Cardinal Health 414, LLC likewise does not have any headquarters in West Virginia. The CAFA requirement of at least "minimal diversity" is thus satisfied here. *See Holstein v. Sears Holding Corp.*, No. CIV.A. 2:14-21166, 2014 WL 4467696, at \*1 (S.D.W. Va. Sept. 9, 2014); *Bird v. Turner*, No. 5:14CV97, 2015 WL 3455355, at \*3 (N.D.W. Va. May 29, 2015).

C.     **The Amount in Controversy Exceeds $5,000,000**

22.     Under CAFA, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although Plaintiff's Amended Complaint does not demand monetary relief of a stated sum, the information available to the Cardinal Health Defendants indicates that the amount put at stake by the putative class members' claims for monetary relief far exceeds $5,000,000.

23.     The "matter in controversy" is the amount put at stake by the class claims. Specifically, it is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). "The key inquiry in determining whether the amount-in-controversy requirement is met is [thus] not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket*

*Communs., LLC*, 865 F.3d 189 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

24.   Here, the Third Amended Complaint requests (1) "economic and compensatory damages"; (2) "restitution"; (3) "actual damages sustained"; (4) "punitive damages"; (5) "attorneys' costs and fees"; and (6) such other relief the Court deems proper. Third Am. Compl. ¶ 69. Upon information and belief, the total cost of categories (1) through (4) will exceed $5 million.

25.   Under West Virginia law, punitive damages in civil actions "may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29. Given the Circuit Court's conclusion that the putative class comprises at least 136 individuals (*see* ¶ 15, *supra*), the amount in controversy requirement is satisfied here if each class member's claim for compensatory damages puts more than $7,500 at issue. The sum of these compensatory (economic and noneconomic) plus punitive damages, capped at four times the compensatory amount, would exceed $5,000,000.

26.   Upon information and belief, the compensatory damages put at issue by Plaintiff's class claims against the Defendants exceed, on average, $7,500 per class member.

## IV.   CONCLUSION

WHEREFORE, the Cardinal Health Defendants respectfully give notice that the above-captioned action, now pending in the Circuit Court of Raleigh County, West Virginia, is hereby removed to the United States District Court for the Southern District of West Virginia.

**CARDINAL HEALTH 414, LLC, CARDINAL HEALTH 100, INC. AND CARDINAL HEALTH**

/s/Marc E. Williams
Marc E. Williams, Esquire (WVSBN 4062)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Ave., Suite 200
Huntington, WV 25701
Phone: (304) 526-3501
Fax: (304) 526-3541
Marc.williams@nelsonmullins.com
*Counsel for Cardinal health 414, LLC, Cardinal Health 100, Inc., and Cardinal Health.*

and

Cheryl A. Falvey, Esquire (*pro hac vice* to be filed)
Stephanie L. Crawford, Esquire (*pro hac vice* to be filed)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 624-2811
Fax: (202) 628-5116
cfalvey@crowell.com
scrawford@crowell.com

Josh Foust, Esquire (*pro hac vice* to be filed)
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Phone: (415) 365-7212
Fax:
jfoust@crowell.com
*Counsel for Cardinal health 414, LLC, Cardinal Health 100, Inc., and Cardinal Health*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**DENNIS NORMAN, on behalf of**
**a class of similarly situated individuals**                )
                                                             )
                            **Plaintiffs,**                  )
                                                             )
            **vs.**                                          )
                                                             )
**RALEIGH HEART CLINIC, INC.; THAIR**        )    **Civil Action No.** _____
**BARGOUTHI, MD; JOHN DOES 1**               )
**THROUGH 10; DOE GENERAL HOSPITAL;**   )    **Judge:** _____
**a CARDINAL HEALTH 414, LLC;**              )
**CARDINAL HEALTH 100, INC.; and**           )
**CARDINAL HEALTH**                          )
                                             )
                            **Defendants.**  )

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the foregoing *"Notice of Removal"* was served on the 27th day of September, 2017 to the following CM/ECF participants. This Certificate of Service is being provided to the Court and counsel through the CM/ECF system.

Stephen P. New, Esq.
Amanda J. Taylor, Esq.
*The Law Office of Stephen P. New*
114 Main Street
P.O. Box 5516
Beckley, WV 25801
Phone: (304) 250-6017
Fax: (304) 250-6012
*Counsel for Plaintiffs*

11

Don R. Sensabaugh, Jr., Esq.
Amy Rothman Malone, Esq.
Shereen S. Compton, Esq.
**Flaherty Sensabaugh Bonasso PLLC**
200 Capitol Street
P.O. Box 3843
Charleston, WV 25338-3843
Phone: (304) 345-0200
*Counsel for Raleigh Heart Clinic, Inc; Thair Barghouthi, MD*



/s/Marc E. Williams