IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**DENNIS NORMAN, on behalf of a class of
similarly situated individuals;**

**Class Action Plaintiff,**

**v.**                                                   Civil Action No. 16-C-166-K

**RALEIGH HEART CLINIC, INC.;
THAIR BARGOUTHI, MD;
JOHN DOES 1 THROUGH
10; DOE GENERAL HOSPITAL; a
CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, INC.; and
CARDINAL HEALTH**

RALEIGH COUNTY
RECEIVED AND FILED
AUG 2 5 2017
PAUL H FLANAGAN
CIRCUIT CLERK

**Defendants.**

## THIRD AMENDED COMPLAINT[1]

COMES NOW Plaintiff Dennis Norman, by counsel, and for this class action against

Defendants, on behalf of him and all others similarly situated, allege the following:

### NATURE OF THE CASE

1.      This is a class action lawsuit brought by Plaintiff Dennis Norman on behalf of a

class of all similarly situated individuals who had cardiac stress tests utilizing Cardinal Health

products at Raleigh Heart Clinic, located in Beckley, West Virginia, between March 1, 2012, and

March 27, 2015, and subsequently tested positive for Hepatitis B, Hepatitis C, and/or HIV.

2.      As a result of Plaintiffs and the Class Members undergoing medical procedures at

Raleigh Heart Clinic with Cardinal Health products, they were placed at an increased risk of and

were infected with bloodborne pathogens including HIV, hepatitis B and hepatitis C.

---

[1] Though the presently filed document is titled "Third Amended Complaint," it has removed counts exclusive to
Plaintiff's Second Amended Complaint, as the parties have not agreed to, nor has the Court granted leave to file
the Second Amended Complaint at this juncture. The Third Amended Complaint is filed by agreed order prepared
and consented to by all parties and signed and entered by the Court.


EXHIBIT
B

3.     As a further result, Plaintiff Dennis Norman and the similarly situated Class Members have tested positive for these potentially deadly viruses have had and will continue to have medical treatment.

4.     This class action seeks damages, punitive damages, costs, attorneys' fees, and other relief as a result of Defendants' conduct described herein.

**PARTIES**

5.     Plaintiff Dennis Norman is and was at all times relevant hereto a resident of Raleigh County, West Virginia.  Plaintiff underwent a cardiac stress test at Raleigh Heart Clinic during the time in issue and subsequently tested positive for Hepatitis C.

6.     According to Mr. Norman's medical records and records kept by Raleigh Heart Clinic, Cardinal product(s) were utilized during Mr. Norman's cardiac stress test.

7.     Defendant Raleigh Heart Clinic is a West Virginia Corporation with its principal place of business and notice of process address at 304 Carriage Drive, Beckley, WV 25801.

8.     Dr. Thair Bargouthi [hereinafter sometimes referred to collectively with the Raleigh Heart Clinic as "Raleigh Heart Clinic Defendants"] is the primary physician, principal, incorporator, and president of Raleigh Heart Clinic, and is a resident of Raleigh County, West Virginia.

9.     Upon information and belief Cardinal Health 414, LLC; Cardinal Health 100, Inc.; and Cardinal Health are parent, subsidiaries or related companies.  Further, upon information and belief, said defendants are owned, controlled or directed by other Cardinal companies whose correct legal names or identities are unknown to the plaintiffs at this time but will be substituted by amendment when ascertained and as such these presently unknown

Cardinal companies are responsible for the acts, omissions, and misconduct alleged herein and the injuries and damages suffered by the class.

10.     The names and capacities of the defendants sued herein as John Does 1 through 10 and John Doe General Hospital are currently unknown to Plaintiffs, who therefore sue such defendants by such fictitious names.   Each of the defendants designated herein as a Doe is legally responsible in some manner for the unlawful acts referred to herein.   Plaintiffs will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as Does when such identities become known.

<u>JURISDICTION AND VENUE</u>

11.     Jurisdiction and venue are proper in the Circuit Court of Raleigh County, West Virginia.

<u>FACTS</u>

12.     Plaintiffs incorporate herein by reference all preceding paragraphs of their Complaint as if set forth herein verbatim.

13.     Plaintiff and all Class members underwent a cardiac stress test conducted by Raleigh Heart Clinic Defendants between the dates of March 1, 2012, and March 27, 2015.

14.     Upon information and belief, said cardiac stress tests were conducted, in part, by utilizing Cardinal Health products to include Tc-99m Cardiolite UD [hereinafter "Cardiolite"].

15.     By letter dated March 11, 2016, Plaintiff and Class Members were notified by the West Virginia Division of Health and Human Resources that they were possibly exposed to a bloodborne pathogen during their cardiac stress tests at Raleigh Heart Clinic and should immediately have their blood tested for HIV and hepatitis B and C.

16.    The March 11, 2016, letter further informed Plaintiff and Class Members that HIV and hepatitis B and C may be asymptomatic for years, thus putting Plaintiffs on notice that they would require follow-up and continued blood testing for HIV and hepatitis B and C.

17.    Following his treatment by the Raleigh Heart Clinic Defendants utilizing Cardinal Health Defendants' products during the relevant time period, Plaintiff Dennis Norman was tested for, diagnosed with, and treated for Hepatitis C.

18.    Following their treatment by the Raleigh Heart Clinic Defendants utilizing Cardinal Defendants' products, Class members were tested for, diagnosed with, and treated for Hepatitis C and/or Hepatitis B.

19.    Bloodborne pathogens are infectious mechanisms in the blood that can cause disease in humans.  These pathogens include, but are not limited to, hepatitis B, hepatitis C, and human immunodeficiency virus (HIV).

20.    According to the CDC, HIV weakens a person's immune system by destroying important cells that fight disease and infection.  No effective cure currently exists for HIV.  Left untreated, HIV could process into Acquired Immune Deficiency Syndrome ("AIDS").

21.    An individual who is exposed to HIV should immediately be tested at the time of exposure because that is the time when a person is most likely to transmit HIV to someone else because the virus levels are high.  The frequency and duration of follow-up testing for HIV depends on the type of HIV test being administered.

22.    Where an antibody-antigen test is negative, follow-up testing should be performed at six weeks and four months after the exposure.  Where an antibody test is negative, repeat HIV

testing should occur at six weeks, three months, and six months following the exposure since it can take up to six months for an individual to develop antibodies to the HIV virus.[2]

23.     According to the CDC, for 70%-85% of people who become infected with hepatitis C, the infection is chronic and long-term.  Chronic hepatitis C is a serious disease that can result in long-term health problems, including death.  The CDC suggests that testing for the hepatitis C virus ("HCV") can continue through six months following exposure.  The CDC's hepatitis C FAQs for Health Professionals state:

**How soon after exposure to HCV can anti-HCV be detected?**

HCV infection can be detected by anti-HCV screening tests (enzyme immounassay) 4-10 weeks after infection.  Anti-HCV can be detected in >97% of persons by 6 months after exposure.

**How soon after exposure to HCV can HCV RNA be detected by PCR?**

HCV RNA appears in blood and can be detected as early as 2-3 weeks after infection.

**Under what circumstances is a false-positive anti-HCV rest result likely?**

False-positive anti-HCV tests appear more often when persons at low risk for HCV infection (e.g., blood donors) are tested.   Therefore, it is important to follow-up all positive anti-HCV tests with a RNA test to establish current infection.

**Under what circumstances might a false-negative anti-HCV test result occur?**

Persons with early HCV infection might not yet have developed antibody levels high enough that the test can measure.  In addition, some persons might lack the (immune) response necessary for the test to work well.  In these persons, further testing such as PCR for HCV RNA may be considered.[3]

---

[2] See http://www.uptodate.com/contents/testing-for-hiv-beyond-the-basics#H13 (last visited March 23, 2016); http://sfaf.org/hiv-info/basics/how-long-after-a-possible- exposure-should-i-be-tested-for-hiv.html (last visited Mar. 23, 2016).
[3] See http://www.cdc.gov/hepatitis/hcv/hcvfaq.htm (last visited Mar. 23, 2016).

24.    Hepatitis B is a potentially life-threatening liver infection caused by the hepatitis B virus.  The CDC suggests that testing for the hepatitis B virus ("HBV") can continue through nine weeks following exposure.  The CDC's hepatitis B FAQs for Health Professionals state:

**How long does it take for blood tests HBsAg[4]**

HBsAg will be detected in a person's blood an average of 4 weeks (range: 1-9 weeks) after exposure to the virus.  About 1 of 2 patients will no longer be infectious by 7 weeks after onset of symptoms, and all patients who do not remain chronically infected will be BHsAg-negative by 15 weeks after onset of symptoms.[5]

25.    At all times relevant to this action, the Cardinal Defendants supplied medical products, injectable medications, and, specifically, Cardiolite to the Raleigh Heart Clinic Defendants.

26.    Upon information and belief, the Cardiolite supplied by Cardinal was distributed with such frequency and in such doses as to be considered inherently dangerous.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff seeks to bring this claims below as a class action pursuant to Rule 23 o the West Virginia Rules of Civil Procedure, on behalf of themselves and all others similarly situated.

28.    The class is defined as:

All individuals who had cardiac stress tests performed at Raleigh Heart Clinic in Beckley, West Virginia, between March 1, 2012, and March 27, 2015, and subsequently tested positive for Hepatitis B, Hepatitis C, and/or HIV.

29.    Plaintiff reserves the right to re-define the class.

---

[4] According to the CDC, hepatitis B surface antigen (HBsAg) is a protein on the surface of HBV; it can be detected in high levels in serum during acute or chronic HBV infection. The presence of HBsAg indicates that the person is infectious. The body normally produces antibodies to HBsAg as part of the normal immune response to infection. HBsAg is the antigen used to make hepatitis B vaccine.
[5] See http://www.cdc.gov/hepatitis/hbv/hbvfaq.htm (last visited March 4, 2016).

30.  Numerosity:   The number of persons who are members of the Class, as described above, is so numerous that joinder of all members in one action is impracticable.

31.  Predominance: Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendants complained of herein were generally applicable to the entire Class.  These legal and factual questions include, but are not limited to:

    a.  Whether Plaintiff and Class Members' increased risk of exposure to a blood borne pathogen was caused by Raleigh Heart Clinic Defendants' negligence;

    b.  Whether Plaintiff and Class Members' infection with Hepatitis B, Hepatitis C, and/or HIV was caused by Raleigh Heart Clinic Defendants' negligence;

    c.  Whether the subject Cardinal Health product(s) and labeling were unreasonably dangerous;

    d.  Whether the unreasonable dangerousness of the subject Cardinal product(s) and labeling was a substantial factor in causing Plaintiff's and Class Members' exposure to and infection with blood-borne diseases at the Raleigh Heart Clinic;

    e.  Whether Defendants are legally responsible for damages incurred by Plaintiff and the Class Members; and

    f.  Whether Plaintiff and the Class Members are entitled to punitive damages.

32.  Commonality: All questions, actions, and inactions by Defendants at issue are similarly common.  A determination of the Raleigh Heart Clinic Defendants' cardiac stress test procedures will apply to all members of the Classes, as will a determination of whether the Cardinal Defendants are liable for distributing an inherently dangerous product. Further, whether

Defendants violated any applicable state laws and pursued the course of conduct complained of herein, whether Defendants acted intentionally or recklessly in engaging in the conduct described herein, and the extent of the appropriate measure of declaratory relief, damage, and restitution are common questions to the class.

33.   Typicality:   Plaintiff's claims are typical of the members of the Class.  Plaintiff had a cardiac stress tests between March 1, 2012, and March 27, 2015.  Plaintiff, like all members of the class have suffered harm associated with the cardiac stress test performed at Raleigh Heart Clinic, including exposure to bloodborne pathogens, the increased risk of contracting a bloodborne pathogen, contraction of a bloodborne pathogen, and/or treatment for a bloodborne pathogen.  Further, Plaintiff, like all members of the Class was exposed to all such risks as a result of the use of Cardinal Health products.

34.   Adequacy of Representation: Plaintiff will fully and adequately represent and protect the interest of the Class because of the common injuries and interests of the members of the Class and the singular conduct of Defendants that is or was applicable to all members of the Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent.

35.   The claims of the Class may be certified under Rule 23.  The members of the Class seek sizeable monetary relief.

## COUNT I
## NEGLIGENCE

### (Raleigh Heart Clinic Defendants, John Doe Defendants)

36.   Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

37.     Defendants are the principal in the agency relationship between themselves and their employees and are bound by, and liable for, the acts and omission of their employees.

38.     While Plaintiff and the Class Members were under the care of Defendants, Defendants owed a duty to Plaintiff and the Class Members to act with reasonable care in caring for and treating them.

39.     Defendants breached this duty by engaging in conduct that exposed Plaintiff and the Class Members to the increased risk of contracting bloodborne pathogens and conduct that infected Plaintiff and the Class Members.

40.     The negligence of Defendants directly and proximately caused damages and losses to Plaintiff and the Class Members.

41.     The negligence of Defendants caused Plaintiff and the Class Members to be subjected to lab and blood testing along with anxiety emotional distress, and medical treatment in the past and future, resultant of contracting a potentially life threating bloodborne pathogens.

42.     The negligence of Defendants caused harm to Plaintiff and the Class Members as described herein.

## COUNT II
### NEGLIGENCE/GROSS NEGLIGENCE/RECKLESS INDIFFERENCE/WANTON DISREGARD IN DESIGN, MANUFACTURE AND DISTRIBUTION

#### (Cardinal Defendants)

43.     Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

44.     At all times relevant hereto, Cardinal Defendants knew, or in the exercise of reasonable care, should have known, that packaging, marketing, and distributing Cardiolite to high turnover clinics, such as Raleigh Heart Clinic, in 40mc vials, was of such a nature that it

was likely to encourage or facilitate mutlti-dosing (use of one vial on multiple patients), which in turn is/was likely to injure the persons to whom it was given.

45.   In the alternative, Cardinal Defendants knew, or in the exercise of reasonable case, should have known, that packaging, marketing, and distributing Cardiolite in the manner in which it was distributed to Raleigh Heart Clinic Defendants was likely to injure the persons to whom it was given.

46.   Cardinal Defendants owed a duty to Plaintiff and Class Members to distribute, market, and package the Cardiolite in safe single use vials that are not conducive to multi-dosing.

47.   Cardinal Defendants owed a duty to Plaintiff and Class Members to distribute, market, and package the Cardiolite in a manner which was not likely to injure the persons to whom it was given.

48.   As a result of Cardinal Defendants' negligent packaging, marketing, and distribution, Cardinal Defendants breached their duty to Plaintiff and Class Members by failing to protect Plaintiff and Class Members from foreseeable harm, resulting in the Raleigh Heart Clinic Defendants' use of the vials of Cardiolite on multiple patients and the corresponding risk of exposure to and infection with blood-borne diseases.

49.   In the alternative, as a result of Cardinal Defendants' negligent packaging, marketing, and distribution, Cardinal Defendants breached their duty to Plaintiff and Class Members by failing to protect Plaintiff and Class Members from foreseeable harm generally.

50.   Cardinal Defendants are liable for negligence, gross negligence, reckless indifference, and wanton disregard because they owed to Plaintiff and all others similarly situated a duty to use reasonable care in manufacturing, fabricating, designing, packaging, shipping, selling, and/or distributing Cardiolite.

51.    The defective condition of the Cardiolite was a direct and proximate cause of the damages incurred by Plaintiff, and all others similarly situated.

52.    As a direct and proximate result of the wrongful acts and omissions of Cardinal Defendants, Plaintiff, and all others similarly situated, have suffered the injuries and damages as described more fully herein.

**COUNT III**
**STRICT PRODUCT LIABILITY**

**(Cardinal Defendants)**

53.    Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as if set forth fully herein verbatim.

54.    Cardinal Defendants are strictly liable to Plaintiff and the Class Members for the serious and permanent injuries  suffered and for their losses expected in the future as a result of their misconduct as described and set forth more fully herein.

55.    Multiple use of Cardiolite by cardiology centers on more than one patient was a foreseeable misuse of Cardiolite vials.

56.    In the alternative, Cardiolite was manufactured, produced, and/or distributed by Cardinal Defendants in an inherently dangerous manner.

57.    Cardinal Defendants knew or should have known that smaller vial sizes were safer for cardiology centers given the amount of Cardiolite typically used by such centers and the economic allure to such centers to use instead of discarding remaining Cardiolite in a larger vial.

58.    Plaintiff is informed and believes that Cardinal Defendants knew of incidents prior to the shipments of Cardiolite used in this matter wherein a cardiology center reportedly used Cardiolite on more than one patient.

59.     At the time the Cardiolite was shipped, Cardiolite in a larger vial size was unreasonable dangerous for use in a cardiology center, that is dangerous to any extent beyond which would be contemplated by the ordinary and prudent patient and/or physician using such product, considering the characteristics of the product (including, but not limited to, the much smaller Cardiolite dosage normally required for one patient undergoing a cardiac stress test), its propensities, risks (including, but not limited to potential for transmitting infectious disease such as Hepatitis B or C if Cardiolite from the same vial was used on multiple patients), its dangers and uses.

60.     In the alternative, at the time the Cardiolite was shipped, the methods for production, distribution, and/or manufacture rendered the Cardiolite unreasonable for use in a cardiology center, that is dangerous to any extent beyond which would be contemplated by the ordinary and prudent patient and/or physician using such product.

61.     As a direct and proximate result of the defects alleged herein and/or otherwise existing in the Cardinal product(s) distributed for use on Plaintiff and the Class Members, said individuals were exposed to and infected with Hepatitis C and/or Hepatitis B.

62.     Cardinal Defendants designed, manufactured, sold, distributed, and/or placed into the stream of commerce the product(s) which were used on Plaintiff and the Class Members in the manner for which they were designed, manufactured, and marketed by Cardinal Defendants.

63.     The Cardinal product(s) used on Plaintiff and the Class Members was not reasonably safe for its intended use and was otherwise unreasonably dangerous from the time it was designed, manufactured, and marketed until Plaintiff and the Class Members suffered the serious and permanent injuries described herein.

64.     The Cardinal product(s) were the direct and proximate cause of the injuries sustained by Plaintiff and the Class Members, and Cardinal Defendants are strictly liable as a result of said defects.

## COUNT IV
## <u>FAILURE TO WARN</u>

### (Cardinal Defendants)

65.     Plaintiff incorporates herein by reference all preceding Paragraphs of this Complaint as if set forth fully herein verbatim.

66.     Cardinal Defendants products were inherently dangerous as set forth more fully herein.

67.     Cardinal Defendants failed to warn Plaintiff, Class Members', and/or health care providers including the Raleigh Heart Clinic and Dr. Thair Barghouthi of their products as set forth more fully herein.

68.     Cardinal Defendants' failure to warn was the direct and proximate cause of Plaintiff and Class Members' injuries as set forth herein.

69.     Cardinal Defendants are strictly liable for their failure to warn.

WHEREFORE, Plaintiff and Class Members pray that this case be certified and maintained as a class action and for judgment to be entered upon Defendants as follows:

     a.  For economic and compensatory damages on behalf of Plaintiff and all Class Members;

     b.  For restitution;

     c.  For actual damages sustained;

     d.  For punitive damages;

     e.  For attorneys' costs and fees;

f.  For such other and further relief as allowable under West Virginia law or as the

Court deems just and proper.

A TRIAL BY JURY IS DEMANDED.

CLASS ACTION PLAINTIFF,
By counsel

*Amanda J. Taylor*

Stephen P. New, Esquire (WVSB #7756)
Amanda J. Taylor, Esquire (WVSB #11635)
The Law Office of Stephen P. New
114 Main Street
Post Office Box 5516
Beckley, West Virginia  25801
(304) 250-6017 Phone
(304) 250-6012 Fax

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DENNIS NORMAN, on behalf of a sub-class of
similarly situated individuals;

        **Class Action Plaintiff,**

v.                           **Civil Action No. 16-C-166-K**

**RALEIGH HEART CLINIC, INC.;**
**THAIR BARGOUTHI, MD; NAHLA**
**BARGOUTHI; JOHN DOES 1 THROUGH**
**10; and DOE GENERAL HOSPITAL,**

        **Defendants.**

RALEIGH C...
RECEIVED AND F...

AUG 29 ...

PAUL H FLANAGAN
CIRCUIT CLERK

### CERTIFICATE OF SERVICE

    I, Amanda J. Taylor, counsel for Class Action Plaintiff, do hereby certify that the foregoing THIRD AMENDED COMPLAINT has been served upon opposing counsel, and all other parties relevant to this matter, by email and by mailing a true copy thereof as follows:

Don Sensabaugh
Amy Rothman Malone
Flaherty Sensabaugh Bonasso, PLLC
PO Box 3843
Charleston, WV 25338
*Counsel for Defendants*

On this the _____25th_____ day of August, 2017

                                 _Amanda J. Taylor_____
                                 Amanda J. Taylor (#11635)

## CIVIL CASE INFORMATION SHEET

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

I.     CASE STYLE:

Plaintiff

DENNIS NORMAN,

V.

Defendants

RALEIGH HEART CLINIC, INC.,
a West Virginia corporation;
THAIR BARGOUTHI, MD;
JOHN DOES 1 THROUGH
10; DOE GENERAL HOSPITAL;
CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, INC.;
CARDINAL HEALTH., INC.

Case # 16-C-166-K

The Honorable H.L. Kirkpatrick, III

RALEIGH COUNTY
RECEIVED AND FILED

*AUG 2 5 2017*

PAUL H FLANAGAN
CIRCUIT CLERK

| | Days to Answer | Type of Service |
|---|---|---|
| Raleigh Heart Clinic, Inc.<br>Agent: Dr/ Thair Barghouthi<br>304 Carriage Drive<br>Beckley, West Virginia 25801 | 30 | Certificate of Service |
| Thair Bargouthi, MD<br>304 Carriage Drive<br>Beckley, West Virginia 25801 | 30 | Certificate of Service |
| **Cardinal Health 414, LLC**<br>**c/o CT Corporation Systems**<br>**5400 D Big Tyler Road**<br>**Charleston, West Virginia 25313** | **30** | **WV Secretary of State** |
| **Cardinal Health 100, Inc.**<br>**c/o CT Corporation System**<br>**150 West Market Street, Suite 800**<br>**Indianapolis, IN 46204** | **30** | **Certified Mail** |

**Cardinal Health 100, Inc.**                    **Certified Mail**
c/o Jon Giacomin
7000 Cardinal Place
Dublin, OH 43017

**Cardinal Health, Inc.**                        **Certified Mail**
c/o Jon Giacomin
7000 Cardinal Place
Dublin, OH 43017

**Cardinal Health, Inc.**                        **Certified Mail**
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

Original and ____ copies of Complaint.

**PLAINTIFF**: Dennis Norman

CIVIL ACTION NO.: 16-C-166-K

**DEFENDANT**: RALEIGH HEART CLINIC, INC., et al.

II.      TYPE OF CASE:

TORTS                                                  OTHER CIVIL

\_\_\_\_ Asbestos                    \_\_\_\_ Adoption        \_\_\_\_ Appeal from Magistrate Court

\_\_\_\_Professional Malpractice\_\_\_\_ Contract        \_\_\_\_ Petition for Modification of
                                                          Magistrate Sentence

\_\_\_ Personal Injury              \_\_\_\_ Real Property   \_\_\_ Miscellaneous Civil

\_\_\_\_ Products Liability          \_\_\_\_ Mental Health   **XXX** Other – **Class Action**

\_\_\_\_ Other Tort                  \_\_\_\_ Appeal of Administrative Agency

III.     JURY DEMAND:      **X**  YES          \_\_\_\_ NO

CASE WIL BE READY FOR TRIAL BY (Month/Year): **August 2018**.

IV.     DO YOU OR ANYOF YOUR CLIENTS OR WITNESSES IN THIS CASE
REQUIRE SPECIAL ACCOMODATIONS TO A DISABLTY OR AGE?
\_ YES  **XX** NO
       IF YES, PLEASE SPECIFY:

Attorney Name: Stephen P. New (#7756)     Representing:
                      Amanda J. Taylor (#11635)
Firm: Law Office of Stephen P. New \_\_          X\_\_ Plaintiff      _____ Defendant

Address: P.O. Box 5516, Beckley, WV 25801      _____ Cross-Complainant

Telephone: (304) 250-6017                       _____ Cross-Defendant

Dated: ___8/25/17___

Signature: Stephen P. New/Amanda J. Taylor

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DENNIS NORMAN, on behalf of a class of
similarly situated individuals;

       Class Action Plaintiff,

v.                            Civil Action No. 16-C-166-K

RALEIGH HEART CLINIC, INC.;
THAIR BARGOUTHI, MD;
JOHN DOES 1 THROUGH
10; DOE GENERAL HOSPITAL; a
CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, INC.; and
CARDINAL HEALTH, INC.

       Defendants.

RALEIGH COUNTY
RECEIVED AND FILED

*DP* AUG 25 2017

PAUL H FLANAGAN
CIRCUIT CLERK

To the above-named party:    **Cardinal Health 414, LLC**
                                   **c/o CT Corporation Systems**
                                   **5400 D Big Tyler Road**
                                   **Charleston, West Virginia 25313**

SERVICE OF THE SUMMONS AND COMPLAINT

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required to serve upon <u>STEPHEN P. NEW, ATTORNEY AT LAW,</u>
plaintiff's attorney, whose address is <u>P.O. BOX 5516 BECKLEY WV 25801</u>, an answer,
including any related counterclaim you may have, to the complaint filed against you in
the above styled civil action, a true copy of which is herewith delivered to you. You are
required to serve your answer within THIRTY (30) days after service of this summons
upon you exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint and you will be thereafter
barred from asserting in another action any claim you may have which must be asserted
by counterclaim in the above styled civil action.

Dated: *Aug. 25, 2017*

                                    *Paul H. Flanagan*
                                    Clerk of the Court:

                                    By: *Donna S. Pena*

1

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**DENNIS NORMAN,** on behalf of a class of
similarly situated individuals;

           **Class Action Plaintiff,**

**v.**

**RALEIGH HEART CLINIC, INC.;**
**THAIR BARGOUTHI, MD;**
**JOHN DOES 1 THROUGH**
**10; DOE GENERAL HOSPITAL; a**
**CARDINAL HEALTH 414, LLC;**
**CARDINAL HEALTH 100, INC.; and**
**CARDINAL HEALTH, INC.**

           **Defendants.**

**Civil Action No. 16-C-166-K**

RALEIGH COUNTY
RECEIVED AND FILED
*DP* AUG 25 2017
PAUL H FLANAGAN
CIRCUIT CLERK

To the above-named party:    **Cardinal Health 100, Inc.**
                        **CT Corporation System**
                        **150 West Market Street, Suite 800**
                        **Indianapolis, IN 46204**

SERVICE OF THE SUMMONS AND COMPLAINT

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required to serve upon <u>STEPHEN P. NEW, ATTORNEY AT LAW,</u>
plaintiff's attorney, whose address is <u>P.O. BOX 5516 BECKLEY WV 25801</u>, an answer,
including any related counterclaim you may have, to the complaint filed against you in
the above styled civil action, a true copy of which is herewith delivered to you. You are
required to serve your answer within TWENTY (20) days after service of this summons
upon you exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint and you will be thereafter
barred from asserting in another action any claim you may have which must be asserted
by counterclaim in the above styled civil action.

Dated: *Aug. 25, 2017*

                                     *Paul H Flanagan*
                                     Clerk of the Court:

                                     By: *Donna S. Pena*

2

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DENNIS NORMAN, on behalf of a class of
similarly situated individuals;

        Class Action Plaintiff,

v.

RALEIGH HEART CLINIC, INC.;
THAIR BARGOUTHI, MD;
JOHN DOES 1 THROUGH
10; DOE GENERAL HOSPITAL; a
CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, INC.; and
CARDINAL HEALTH, INC.

        Defendants.

Civil Action No. 16-C-166-K

RALEIGH COUNTY
RECEIVED AND FILED

*AF*  AUG 25 2017

PAUL H FLANAGAN
CIRCUIT CLERK

To the above-named party:      **Cardinal Health 100, Inc.**
                                   **c/o Jon Giacomin**
                                   **7000 Cardinal Place**
                                   **Dublin, OH 43017**

SERVICE OF THE SUMMONS AND COMPLAINT

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required to serve upon STEPHEN P. NEW, ATTORNEY AT LAW,
plaintiff's attorney, whose address is P.O. BOX 5516 BECKLEY WV 25801, an answer,
including any related counterclaim you may have, to the complaint filed against you in
the above styled civil action, a true copy of which is herewith delivered to you. You are
required to serve your answer within TWENTY (20) days after service of this summons
upon you exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint and you will be thereafter
barred from asserting in another action any claim you may have which must be asserted
by counterclaim in the above styled civil action.

Dated: *Aug. 25, 2017*

                                       *Paul H Flanagan*
                                       Clerk of the Court:

                                       By: *Donna S Pea*

3

**IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA**

**DENNIS NORMAN, on behalf of a class of**
**similarly situated individuals;**

**Class Action Plaintiff,**

**v.**                                          **Civil Action No. 16-C-166-K**

**RALEIGH HEART CLINIC, INC.;**
**THAIR BARGOUTHI, MD;**
**JOHN DOES 1 THROUGH**                    RALEIGH COUNTY
**10; DOE GENERAL HOSPITAL; a**            RECEIVED AND FILED
**CARDINAL HEALTH 414, LLC;**                    AUG 2 5 2017
**CARDINAL HEALTH 100, INC.; and**
**CARDINAL HEALTH, INC.**                    PAUL H FLANAGAN
                                            CIRCUIT CLERK

**Defendants.**

To the above-named party:      **Cardinal Health, Inc.**
                               **c/o Jon Giacomin**
                               **7000 Cardinal Place**
                               **Dublin, OH 43017**

SERVICE OF THE SUMMONS AND COMPLAINT

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required to serve upon STEPHEN P. NEW, ATTORNEY AT LAW,
plaintiff's attorney, whose address is P.O. BOX 5516 BECKLEY WV 25801, an answer,
including any related counterclaim you may have, to the complaint filed against you in
the above styled civil action, a true copy of which is herewith delivered to you. You are
required to serve your answer within TWENTY (20) days after service of this summons
upon you exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint and you will be thereafter
barred from asserting in another action any claim you may have which must be asserted
by counterclaim in the above styled civil action.

Dated: _Aug. 25, 2017_

                                    _Paul H Flanagan_
                                    Clerk of the Court:

                                    By: _Anne S. Lea_

5

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**DENNIS NORMAN**, on behalf of a class of
similarly situated individuals;

          **Class Action Plaintiff,**

**v.**                                                              Civil Action No. 16-C-166-K

**RALEIGH HEART CLINIC, INC.;**
**THAIR BARGOUTHI, MD;**
**JOHN DOES 1 THROUGH**                          RALEIGH COUNTY
**10; DOE GENERAL HOSPITAL; a**              RECEIVED AND FILED
**CARDINAL HEALTH 414, LLC;**                      AUG 2 5 2017
**CARDINAL HEALTH 100, INC.; and**
**CARDINAL HEALTH, INC.**                           PAUL H FLANAGAN
                                                    CIRCUIT CLERK

          **Defendants.**

To the above-named party:        **Cardinal Health, Inc.**
                                **CT Corporation System**
                                **150 West Market Street, Suite 800**
                                **Indianapolis, IN 46204**

SERVICE OF THE SUMMONS AND COMPLAINT

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby
Summoned and required to serve upon STEPHEN P. NEW, ATTORNEY AT LAW,
plaintiff's attorney, whose address is P.O. BOX 5516 BECKLEY WV 25801, an answer,
including any related counterclaim you may have, to the complaint filed against you in
the above styled civil action, a true copy of which is herewith delivered to you.  You are
required to serve your answer within TWENTY (20) days after service of this summons
upon you exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint and you will be thereafter
barred from asserting in another action any claim you may have which must be asserted
by counterclaim in the above styled civil action.

Dated:  *Aug. 25, 2017*

                                                          *Paul H. Flanagan*
                                          Clerk of the Court:
                                          By: *Donna S Perr*

4